IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CRISSIE LEE KELESOMA                                                                      PLAINTIFF

vs.                                         Civil No. 4:13-cv-04092

CAROLYN W. COLVIN                                                                         DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Crissie Lee Kelesoma ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]   Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.  **Background:**

Plaintiff filed her application for disability benefits on December 6, 2010. (Tr. 17). In her application, Plaintiff claims to be disabled due to a ruptured disc in her back. (Tr. 186). At the administrative hearing in this matter, Plaintiff also alleged being disabled due to depression. (Tr. 41, 67). In her application, Plaintiff alleged an onset date of October 14, 2010. (Tr. 17, 155). This application was denied initially and again upon reconsideration. (Tr. 89-90).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __." The transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 34-88). Plaintiff's administrative hearing was held on September 8, 2011 in Texarkana, Arkansas.[2] *Id.* Plaintiff was present and was represented by counsel[3] at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Mr. Balden[4] testified at this hearing. *Id.* At this hearing Plaintiff testified she was thirty-eight (38) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 40). As for her level of education, the ALJ noted at this hearing that Plaintiff had also received her high school diploma. (Tr. 78).

After this hearing, on November 17, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 14-30). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2015. (Tr. 19, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 14, 2010, her alleged onset date. (Tr. 19, Finding 2). The ALJ determined Plaintiff had the following severe impairments: disorders of the back and obesity. (Tr. 19-21, Finding 3). However, the ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 21-22, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 22-28, Finding 5). First, the ALJ evaluated Plaintiff's

---

[2] Plaintiff was present in Texarkana, Arkansas while the ALJ was present in Dallas, Texas. The hearing was held *via* video teleconference.

[3] The name of Plaintiff's counsel was not included in the transcript. (Tr. 34-88).

[4] The first name of "Mr. Balden" is not included in the transcript. (Tr. 34).

subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> I find that the claimant has the physical residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). She can lift/carry 20 pounds occasionally and 10 pounds frequently. Claimant can sit, stand/walk for about six hours in an eight-hour workday. Claimant is not limited to pushing or pulling (including the operation of foot and/or hand controls) with the upper and lower extremities. Claimant can do occasional climbing, balancing, stooping, kneeling, crouching, and crawling. Claimant has no manipulative, visual, communicative, or environmental limitations. She is not severely limited by her psychological problems.

*Id*.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 28-30, Finding 6). Considering her RFC, the ALJ determined Plaintiff retained the capacity to perform her PRW as a manager of a mental health home (light, skilled). *Id.* In the alternative, even if Plaintiff could not perform her PRW, the ALJ also determined Plaintiff retained the capacity to perform the following occupations: (1) eyeglass frame packager (sedentary, unskilled) with 800 such jobs in the region and 8,000 such jobs in the nation; (2) lens inspector (sedentary, unskilled) with 600 such jobs in the region and 6,000 such jobs in the nation; and (3) film inspector (sedentary, unskilled) with 1,200 such jobs in the region and 12,000 such jobs in the nation. (Tr. 29). Because Plaintiff retained the capacity to perform her PRW and this other work, the ALJ determined Plaintiff was not disabled, as defined in the Social Security Act, before or after October 14, 2010 through November 16, 2011 (ALJ's decision date). (Tr. 30, Finding 7).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 13). On January 8, 2013, the Appeals Council denied this request for review. (Tr. 7-9). Thereafter, on September 25, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties

consented to the jurisdiction of this Court on October 2, 2013. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10-11. Plaintiff has also filed a reply brief. ECF No. 12. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.     **Discussion:**

In her appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ improperly determined her impairments did not meet the requirements of the Listings; (2) the ALJ erred in discrediting the findings of her treating physicians; (3) the ALJ erred in assessing her chronic pain; (4) the ALJ erred in assessing her alleged mental impairment; and (5) the ALJ erred in presenting his hypothetical to the VE. ECF No. 10. Because the ALJ improperly evaluated Plaintiff's subjective complaints, the Court will only address this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[5]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th

---

[5] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. (Tr. 22-28). In this case, the ALJ did what was specifically prohibited by *Polaski* and discounted Plaintiff's subjective complaints based upon the medical evidence alone. *Id.* Specifically, in his opinion, he cited *Polaski* and provided paragraph after paragraph of legal statements regarding Plaintiff's subjective complaints and what he had "considered" in evaluating Plaintiff's subjective complaints. *Id.* As far as his analysis, however, the ALJ's only stated reason for discounting Plaintiff's subjective complaints was that they "are neither credible, nor consistent with, nor supported by the preponderance of medical and other evidence of record." (Tr. 25). Indeed, although he stated those subjective complaints were also inconsistent with "other evidence of record," he does not provide what "other evidence of record" that includes, *apart from Plaintiff's medical records.*

The ALJ's decision to discount Plaintiff's subjective complaints for the sole reason that her subjective complaints are not supported by her medical records is prohibited by *Polaski*. 739 F.2d at 1322 (finding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, this case must be reversed and remanded for further consideration of Plaintiff's subjective complaints in accordance with *Polaski*.

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[6]  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 24th day of October 2014.**

                                                               /s/  Barry A. Bryant
                                                              HON. BARRY A. BRYANT
                                                               U. S. MAGISTRATE JUDGE

---

[6] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*.  No part of this remand should be interpreted as an instruction that disability benefits be awarded.  Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.